BACKUS *v.* MORRILL.

LOGGING CONTRACT—SET-OFF—LABORERS' LIENS.

   A claim for cutting and hauling a quantity of logs is not available as a set-off in a suit brought by the owner, where the logs are subject to labor liens in favor of employés of the defendant to an amount exceeding defendant's charges.

Error to Alcona; Simpson, J. Submitted December 5, 1895. Decided December 17, 1895.

*Assumpsit* by Absalom Backus, Jr., against Levi Morrill and another, for advances on certain contracts. From

a judgment in his favor for less than the amount claimed, plaintiff brings error. Reversed.

*O. H. Smith* and *R. J. Kelley*, for appellant.

*H. K. Gustin* and *W. E. Depew*, for appellees.

McGRATH, C. J.  Plaintiff brings *assumpsit* for advances made under certain contracts, aggregating $17,577.98.  Defendants gave notice of set-off aggregating $12,321.13.  Plaintiff had judgment for $25.

· One of the items of set-off was for cutting, hauling, and skidding a quantity of logs, amounting to $546.83. It appeared that the laborers who worked for defendants in getting out these logs had filed lien claims and attachments against the logs, and that the same were in possession of the sheriff, who held the logs by virtue of the attachments.  Plaintiff objected to the allowance of this item, and, the objection being overruled, sought to show that the aggregate of the liens filed not only exceeded the amount of defendants' charges, but was more than the value of the logs.  The court refused to admit the testimony.

This was error.  This item was not a proper subject of set-off, except as to the surplus over and above the liens.  Plaintiff could not be compelled to pay for the cutting, hauling, and skidding of these logs while in the hands of the sheriff, under attachments in favor of lien claimants, unless it appeared that there was a surplus over and above the liens.  *Saxton* v. *Krein, ante,* 62.

The judgment is reversed, and a new trial granted.

The other Justices concurred.